IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAPPY HOURS PRODUCTIONS, LLC.,
a Nevada Corporation registered to do
business in New Mexico, and RAJ SHAH,

    Plaintiffs,

v.	Case No. 2008-CV-835 JEC/WDS

FILMKRAFT PRODUCTIONS (INDIA)
PVT LTD., an Indian Corporation doing
business in New Mexico,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Filmkraft Productions (India) PVT Ltd.'s *Motion to Dismiss* (Doc. 23), filed September 15, 2010. Having reviewed the parties submissions and the relevant authority, the Court finds the Motion is well-taken and shall be GRANTED.

**I.	BACKGROUND**

This lawsuit arises from a dispute relating to the production of a film entitled "Kites," which was filmed, in part, in New Mexico. Defendant Filmkraft Productions (India) PVT Ltd. ("Filmkraft") initiated production of "Kites" and retained a non-party, Spektrum Entertainment & Productions, Inc. ("Spektrum"), to perform production services for the film. *Am. Complt.* (Doc. 5), filed Oct. 10, 2008, at ¶ 4. Plaintiff Raj Shah is a principal in Spektrum who appears to have hired Plaintiff Happy Hours Productions, Inc. ("Happy Hours"), a Nevada corporation, as a subcontractor to perform some of the required services. *Id.* at ¶ 5. Plaintiffs contend that they

incurred significant expenses on "Kites," at least $400,000 to $500,000 of which were never reimbursed by Defendant Filmkraft as agreed by the parties.  *Id.* at ¶¶ 6-10.  Defendant Filmkraft denies Plaintiffs' allegations.  *See generally Answer* (Doc. 6), filed Jan. 30, 2009.

On March 24, 2009, the parties submitted a joint motion seeking to suspend all deadlines in the interest of facilitating ongoing settlement negotiations.  *Joint Motion to Vacate Pre-Discovery Deadlines and the Rule 16 Scheduling Order* (Doc. 9) ("Joint Motion").  After the parties took no action on this matter for six months, the Court filed its *Notice of Impending Dismissal* (Doc. 12), requiring action no later than October 15, 2009 in order to avoid dismissal.  On October 28, 2009, Plaintiffs purported to show cause for their lack of diligence in prosecuting this matter, indicating the parties' involvement in multiple other lawsuits relating to the film "Kites" and noting that Plaintiff Shah's parents, who reside in India, had been ill and in need of his attention.  *See generally Response to Order to Show Cause* (Doc. 13), filed Oct. 15, 2009.  At that time, Filmkraft opposed the Court's continued jurisdiction based on Plaintiffs' lack of prosecution and failures to appear in the other related lawsuits.  *See generally Def's Reply to Order to Show Cause* (Doc. 14), filed Oct. 28, 2009.  The Court did not dismiss the action, and an Initial Scheduling Order (Doc. 16) was entered on March 30, 2010.  Plaintiffs' attorney withdrew from the representation of Plaintiffs on April 19, 2010.  *See generally Unopposed Motion to Withdraw as Attorney* (Doc. 17).  Since that time, Plaintiffs have taken no action in the case, other than to submit *Our Response* to the pending motion, in which Plaintiffs represented they were "in the process of hiring a New Mexico lawyer" and that they would "pursue this case aggressively November onwards."  *Our Response* (Doc. 25) at pp. 1 & 3.  To date, no attorney has entered an appearance on Plaintiffs' behalf, and Plaintiffs have taken no further action in the case.

## II.     LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b).  Such dismissals are reviewed on appeal for abuse of discretion, which "occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances," such as "rel[ying] upon an erroneous conclusion of law or upon clearly erroneous facts."  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir.2007) (citation, brackets, and internal quotation marks omitted).  A district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b).  *AdvantEdge Business Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

## III.    DISCUSSION

The Court finds that this case should be dismissed pursuant to Federal Rule 41(b).  Plaintiffs have taken no meaningful action in this case since it was filed in October 2008.  The Court has previously warned Plaintiffs of impending dismissal for failure to prosecute, and Plaintiffs were late in responding to said warning, filing their *Response to Order to Show Cause* nearly two weeks after the deadline set for October 15, 2009.  Plaintiffs again pledge to diligently prosecute this matter in response to the instant Motion, yet the Court finds no evidence on the docket to indicate that Plaintiffs are ready, willing, or able to move forward with prosecution of this matter.  Dismissal is therefore appropriate.

## IV.    CONCLUSION

For these reasons, Defendant's *Motion to Dismiss* (Doc. 23), filed September 15, 2010, is hereby GRANTED.  Plaintiffs' claims are therefore dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE

*For Plaintiffs:*

Happy Hours Productions, Inc., *pro se*
Las Vegas, NV

Raj Shah, *pro se*
Mumbai, INDIA

*Counsel for Defendant:*

Henry M. Bohnhoff, Esq.
Albuquerque, NM